|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | DISTRICT OF NEVADA | |
| 3 | * * * | |
| 4 | LAMONT JEFFRIES, | Case No. 2:19-cv-01501-KJD-EJY |
| 5 | Plaintiff, | |
| 6 | v. | **ORDER** |
| 7 | CONEX WEST, | |
| 8 | Defendant. | |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. ECF No. 1. Plaintiff also attached a Complaint to his *in forma pauperis* application. ECF No. 1-1.

**I.     *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915 showing an inability to prepay fees and costs or give security for them. ECF No. 1. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiff's Complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them

1

"if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Plaintiff alleges a claim of "disability discrimination" against Defendant. ECF No. 1-1. An individual planning to file a lawsuit under federal law alleging discrimination on the basis of disability must first file a charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the discriminatory act, or within 300 days if there is a State or local law that provides relief for discrimination on the basis of disability. U.S. Equal Employment Opportunity Commission, *Filing a Lawsuit*, https://eeoc.gov/employees/lawsuit.cfm (last visited Sept. 3, 2019). The EEOC will issue a Notice of Right to Sue at the time it closes its investigation, which gives the aggrieved party permission to file a lawsuit in federal or state court. *Id*. Once the party receives a Notice of Right to Sue, it must file a lawsuit within 90 days. *Id*. Here, Plaintiff did not attach a right to sue letter from the EEOC. There is no information about when, or if, Plaintiff commenced his efforts to file such a charge. Thus, it may be that Plaintiff's claim is timely or untimely.

In screening Plaintiff's complaint and construing it liberally, the Court looks in part to the attachments provided. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (courts may generally consider allegations contained in pleadings, as well as exhibits attached to the complaint). To sufficiently allege a *prima facie* case of discrimination in violation of the Americans with

Disabilities Act ("ADA"), the Plaintiff must demonstrate that (1) he is disabled within the meaning of the ADA; (2) he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) he suffered an adverse employment action because of his disability. *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999). Here, it seems Plaintiff attached to his complaint photos of text messages spanning two different conversations between himself and a supervisory figure employed with the Defendant. In the first conversation, Plaintiff explains to his former supervisor that "today is [his] treatment day . . . It's [sic] starts at 9am. It takes a little time to hook me up to the machine." Defendant replied and told Plaintiff "do not worry about that come in the afternoon from 12-3pm instead. Is this a weekly medical procedure? Send me your weekly medical schedule please. I need to schedule this long term." In the second conversation, Defendant apologetically explains to Plaintiff that he does not believe this is a good match because Conex West in Las Vegas is going through a "very critical building period in [its] business." Defendant states that it is "[his] fault for not asking more questions initially." Finally, Defendant states that "if Conex West ever gets to the point where it can "have our representatives become home based employees you will be my first choice . . . [b]eing present for all five days during the work week is mandatory for our success at this time in our business cycle."

Plaintiff's disability discrimination claim fail to sufficient allege facts upon which relief may be granted pursuant to the standards established in *Iqbal*, 556 U.S. at 679. That is, Plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* Further, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Read liberally, Plaintiff has sufficiently plead that he is disabled within the meaning of the ADA and that he suffered an adverse employment action because of his disability. However, Plaintiff has failed to sufficiently plead that he is a qualified individual able to perform the essential functions of the job with or without a reasonable accommodation. Accordingly, Plaintiff has not met the pleading standards or alleged sufficient facts to establish more than he is a member of a protected class and that he suffered an adverse employment action.

3

The Court therefore will dismiss Plaintiff's complaint without prejudice for the Plaintiff to file an amended complaint that meets the jurisdiction requirements.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement of the grounds for the Court's jurisdiction. Fed. R. Civ. P. 8(a)(1). Additionally, the amended complaint must contain a short and plain statement describing the underlying case and Defendant's conduct that constitutes discrimination. Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give the Defendant Conex West fair notice of the Plaintiff's claims against it and Plaintiff's entitlement to relief.

Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

IT IS THEREFORE ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Complaint (ECF No. 1-1) is DISMISSED without prejudice for failure to state a claim upon which relief can be granted, with leave to amend. If Plaintiff chooses to file an amended complaint, Plaintiff must file the amended complaint within 30 days from the date of this Order. Failure to comply with this Order may result in a recommendation that this action be dismissed.

DATED THIS 5th day of September, 2019.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE