UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAMONT JEFFRIES,<br><br>Plaintiff,<br><br>v.<br><br>CONEX WEST,<br><br>Defendant. | Case No. 2:19-cv-01501-KJD-EJY<br><br>**Report and Recommendation**<br><br>Re: Amended Complaint<br><br>ECF No. 5 |

Plaintiff's application to proceed *in forma pauperis* was granted on September 5, 2019. ECF No. 4. However, Plaintiff's Complaint was dismissed without prejudice. *Id*. Plaintiff's disability discrimination claim failed to sufficiently allege facts upon which relief could be granted. *Id*. Plaintiff has filed an Amended Complaint (ECF No. 5) that will now be screened.

**I.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). When screening an amended complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship*

*v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.     Plaintiff's Amended Complaint**

Plaintiff's Amended Complaint does not identify a defendant. In ECF No. 5, Plaintiff's caption is blank with respect to the defendant he seeks to sue. In the substance of the Amended Complaint, Plaintiff identifies Conexwest as an entity that hired and then quickly fired him. *Id*. at 1, 5, and 6 (identifying Conexwest as the company that hired him, and documents confirming Conexwest was the respondent to Plaintiff's Charge of Discrimination). The Court therefore construes Plaintiff's failure to identify Conexwest as the defendant in the caption of the Amended Complaint as a typographical error. Further, a liberal review of Plaintiff's Amended Complaint strongly suggests Plaintiff is seeking to bring a claim of discrimination under the Americans with Disabilities Act (the "ADA"). To sufficiently allege a *prima facie* case of discrimination in violation of the ADA Plaintiff must sufficiently allege that (1) he is disabled within the meaning of the ADA; (2) he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) he suffered an adverse employment action because of his disability. *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999).

Plaintiff attaches to his Amended Complaint a Department of Veterans Affairs letter dated October 4, 2019 stating that he is 100% "disabled due solely to your service-connected disabilities." ECF No. 5 at 9. This letter does not state what disabilities Plaintiff suffers or how, if at all, these disabilities might qualify him for coverage under the ADA. That is, the information provided does not indicate that Plaintiff was able to perform the essential functions of the job he sought with Conexwest

with or without a reasonable accommodation.[1] Hence, the Court presumes Plaintiff is disabled and that Conexwest offered Plaintiff a position which it then withdrew thereby satisfying the first and third elements of an ADA claim, but Plaintiff does not provide the Court with facts suggesting he was able to perform the essential functions of the position at Conexwest for which he was hired with or without a reasonable accommodation.

The Court will, however, recommend that Plaintiff be provided with **one last opportunity** to file a second amended complaint that includes facts satisfying all elements of an ADA discrimination claim. The facts must allege that Plaintiff is disabled within the meaning of the ADA. Plaintiff must allege facts demonstrating that he was able to do the essential functions of the job he was offered by Conexwest with or without a reasonable accommodation. And, Plaintiff must allege that he suffered an adverse employment action, such as being fired, because of his disability or need for a reasonable accommodation.

**III.  Recommendation**

Accordingly,

IT IS HEREBY RECOMMENDED that Plaintiff's Amended Complaint be dismissed **without prejudice with leave to amend**.

If Plaintiff chooses to file a second amended complaint, the document must be titled "Second Amended Complaint." The second amended complaint must contain a short and plain statement describing all facts underlying the conduct that constitutes the discrimination Plaintiff alleges. Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give the Defendant fair notice of Plaintiff's claims against it and Plaintiff's entitlement to relief.

Additionally, Plaintiff is advised that if he files a second amended complaint, the Amended Complaint (ECF No. 5) no longer serves any function in this case. As such, the second amended

---

[1] "An individual with a disability is defined by the ADA as a person who has a physical or mental impairment that substantially limits one or more major life activities, a person who has a history or record of such an impairment, or a person who is perceived by others as having such an impairment." https://www.ada.gov/cguide.htm#anchor62335

3

1  complaint must be complete in and of itself without reference to prior pleadings or other documents.
2  The Court cannot refer to a prior pleading or other documents to make Plaintiff's second amended
3  complaint complete.

4      IT IS FURTHER RECOMMENDED that if Plaintiff chooses to file a second amended
5  complaint, Plaintiff **must file the Second Amended Complaint within 30 days from the date of**
6  **this Order. Failure to comply with this Order may result in a recommendation that this action**
7  **be dismissed with prejudice**.

8      Dated this 15th day of September, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

15      Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be
16  in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has
17  held that the courts of appeal may determine that an appeal has been waived due to the failure to file
18  objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also
19  held that (1) failure to file objections within the specified time and (2) failure to properly address
20  and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal
21  factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir.
22  1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).